UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRUS D. STANLEY,  　　　　　　　　　　　　No. C 09-2925 MHP (pr)

　　　　Petitioner,　　　　　　　　　　　　　　**ORDER TO SHOW CAUSE**

　v.

E. CONTRERAS,

　　　　Respondent.
　　　　　　　　　　　　　　　　　　/

## INTRODUCTION

Tyrus D. Stanley, currently incarcerated at the Richard J. Donovan Correctional Institution in San Diego, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

According to the habeas petition, Stanley was convicted in Santa Clara County Superior Court of assault with a deadly weapon with intent to do great bodily injury and a sentence enhancement allegation that he suffered a prior conviction was found true. On August 18, 2006, he was sentenced to a prison term he does not identify but for which he is now in custody.

Stanley appealed. His conviction was affirmed by the California Court of Appeal in 2007 and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges three claims, only the first of which warrants a response. First, Stanley claims that he was denied his federal constitutional rights to cross-examine witnesses and present a defense by the trial court's refusal to allow him to impeach two witnesses with their prior convictions. Liberally construed, the claim is cognizable in a federal habeas action.

Second, Stanley claims that the evidence was insufficient to support the findings on the prior conviction sentence enhancement. See Petition exhibits, petition for review at 11. This claim does not allege a violation of any right under the Constitution or laws or treaties of the United States, as is necessary to give this court the power to consider the claim. A writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119. The claim in Stanley's petition is for a state law error for which federal habeas relief is not available. Although there are citations to federal constitutional provisions and U.S. Supreme Court cases at page 13 of his petition for review, those citations are not for his claim that the evidence was insufficient. The federal citations pertained to his argument that

1  retrial should be barred if the reviewing court determines that there was insufficient
2  evidence. The question of whether a retrial should be permitted if an error is found does not
3  transform the underlying claimed error into an error for which federal habeas relief is
4  available. The claim is dismissed.

5        Third, Stanley claims that he acted in self-defense when the stabbing occurred. This
6  claim must be dismissed because, like the second claim, it does allege a violation of the
7  Constitution or treaties or laws of the United States, which is required for a federal court to
8  be able to consider a claim in a habeas petition. With regard to his self-defense claim,
9  Stanley states that he did not present it at trial "because my lawyer in her opinion felt that
10 self defense was weak." Petition, p. 4. The court does not understand this statement to be an
11 effort to assert a claim for a violation of Stanley's Sixth Amendment right to effective
12 assistance of counsel because (a) he did not identify it as a separate claim but instead
13 mentioned it as an excuse for not presenting his self-defense claim earlier, (b) he did not
14 mention the Sixth Amendment, and (c) adding such a claim would immediately create a
15 mixed petition problem for Stanley because he never presented a Sixth Amendment claim to
16 the state's highest court. The claim is dismissed.

## CONCLUSION

18 For the foregoing reasons,
19   1.    The petition states a cognizable claim for habeas relief and warrants a response.
20   2.    The clerk shall serve by certified mail a copy of this order, the petition and all
21 attachments thereto upon respondent and respondent's attorney, the Attorney General of the
22 State of California.

23   3.    Respondent must file and serve upon petitioner, on or before **June 24, 2010**, an
24 answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
25 showing cause why a writ of habeas corpus should not be issued. Respondent must file with
26 the answer a copy of all portions of the state court record that have been previously
27 transcribed and that are relevant to a determination of the issues presented by the petition.
28   4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse

1  with the court and serving it on respondent on or before **July 9, 2010**.

2      5.    Petitioner is responsible for prosecuting this case. He must keep the court
3  informed of any change of address and must comply with the court's orders in a timely
4  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
5  pursuant to Federal Rule of Civil Procedure 41(b).

6      6.    Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

7  IT IS SO ORDERED.

8  DATED: March 26, 2010

                                            Marilyn Hall Patel
9                                              United States District Judge