UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRUS D. STANLEY, | No. C 09-2925 MHP (pr) |
| Petitioner, | **ORDER DENYING HABEAS PETITION** |
| v. | |
| E. CONTRERAS, warden, | |
| Respondent. | |

## INTRODUCTION

Tyrus Stanley filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before the court for consideration of the merits of the petition. For the reasons discussed below, the petition will be denied.

## BACKGROUND

Stanley was convicted of assault with a deadly weapon based on an incident in which the victim was stabbed during an altercation. There was no real dispute at trial that Stanley was in an altercation with the victim. The trial was largely a credibility contest, as the jury was called on to determine whether the victim was stabbed accidentally, in self-defense or intentionally. Because the details of the crime are not essential to the resolution of the legal claims, the evidence as described in the California Court of Appeal opinion is summarized only briefly here. See Resp. Ex. C, California Court of Appeal Opinion ("Cal. Ct. App. Opinion"), at 1-9.

On March 19, 2006, Stanley (i.e., the petitioner here) and Rodney Rilveria were at Satsavane Phommachit's apartment. Rilveria lived in the apartment and Stanley lived in the

complex. Rilveria washed dishes while Stanley spoke on his cell phone. Rilveria became irritated by Stanley's loud chatter and cursing while on the phone. He walked over to where Stanley sat at the kitchen table, told him to "shut the fuck up," and pushed him out of his chair. Id. at 3. Rilveria stood over Stanley and challenged him to a fight, but Stanley told him that he did not want to fight and did not know how to fight. Rilveria then called Stanley a "bitch" and asked him to leave the apartment. Id. at 3. When Rilveria returned to the kitchen to wash dishes, Stanley stabbed Rilveria with a knife in the shoulder, the forearm, and the abdomen. Satsavane, Michelle, and Jocelyn Phommachit testified that they saw Stanley leave the apartment with the knife used in the stabbing. Michelle also testified that she earlier saw Stanley and Rilveria lying on the floor, and that Stanley held a bloody knife in his hand.

At trial, Stanley testified in his own defense. He testified that on the night of the stabbing he was sitting at the kitchen table and talking on his cell phone while playing with a kitchen knife that was on the table. Rilveria suddenly approached him and accused him of "talking shit" about him. Id. at 7. When Stanley denied this, Rilveria hit him, knocking him out of the chair. Stanley dropped his cell phone, and as he bent down to get it he saw Rilveria lunge at his throat with the kitchen knife that was on the table. Stanley grabbed Rilveria's arms, and they struggled. As Rilveria began to overpower him, Stanley kicked Rilveria's feet out from under him, and they both fell to the floor. At that point, Stanley realized that Rilveria was wounded, and they stopped fighting. Stanley thought that Rilveria must have been stabbed in the abdomen during the fight but did not remember stabbing him. Stanley denied leaving the apartment with the knife.

Stanley was convicted in Santa Clara County Superior Court of assault with a deadly weapon. The jury found true allegations that Stanley personally used a deadly weapon, specifically a knife, and inflicted great bodily injury on the victim. Stanley was sentenced to fifteen years in prison. He appealed. The California Court of Appeal affirmed the conviction. The California Supreme Court denied Stanley's petition for review.

Stanley then filed this action, seeking a writ of habeas corpus. The petition alleged a

2

cognizable claim for relief: that the trial court deprived Stanley of his federal constitutional rights to cross-examine witnesses and present a defense by refusing to allow him to impeach Rilveria and Satsavane with prior convictions. Two other claims alleging state law errors were dismissed.

The court issued an order to show cause why the petition should not be granted. Respondent filed an answer. Stanley filed a traverse. The claim is now ready for a decision on the merits.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in Santa Clara County, California, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). Respondent does not contend that state court remedies were not exhausted for the claims in the petition.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

1 the State court proceeding." 28 U.S.C. § 2254(d).

2 "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

Before his trial, Stanley filed motions in limine to impeach two witnesses with their prior convictions. The trial court ruled that Stanley could impeach Rilveria with three convictions – a 2000 felony conviction for violation of a protective order resulting in injury, a 2000 misdemeanor vandalism conviction, and a 1999 misdemeanor domestic violence conviction – but not with two 1996 misdemeanor vandalism convictions. Cal. Ct. App. Opinion at 9. The trial court excluded those two 1996 convictions under California Evidence Code § 352, finding that the convictions were too remote in time and not particularly probative because it was unclear how much damage was caused by the vandalism. Id. The trial court also ruled that Stanley could not impeach another witness, Satsavane, with his 1995 juvenile adjudication for felony assault with a gang enhancement. The court excluded the evidence under California Evidence Code § 352 based on Satsavane's age at the time of the offense (seventeen), the remoteness in time of the offense, and the fact that Satsavane had no subsequent criminal history. Id.

A.      Right to Cross-Examine Witnesses and Present a Defense

A defendant meets his burden of showing a Confrontation Clause violation by showing that "[a] reasonable jury might have received a significantly different impression of [a witness'] credibility . . . had counsel been permitted to pursue his proposed line of cross-examination." Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986). However, the Confrontation Clause does not prevent a trial judge from imposing reasonable limits on cross-examination based on concerns of harassment, prejudice, confusion of issues, witness safety or interrogation that is repetitive or only marginally relevant. Id. at 679. The Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. See Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam). To determine whether a criminal defendant's Sixth Amendment right of confrontation has been violated by the exclusion of evidence on cross-examination, a court inquires whether the evidence was relevant, whether there were other legitimate interests outweighing the defendant's interests in presenting the evidence, and whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness. United States v. Beardslee, 197 F.3d 378, 383-84 (9th Cir.), amended, 204 F.3d 983 (9th Cir. 2000). See generally Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 2000) (circuit-based law alone cannot form the basis for habeas relief under the AEDPA, but circuit decisions are relevant as persuasive authority to determine whether the state court's decision was an unreasonable application of Supreme Court precedent).

In this case, the analysis begins by noting that California Evidence Code Section 352 is a rather commonplace kind of evidentiary rule allowing the exclusion of evidence where its probative value is substantially outweighed by some other factor. Under Section 352, evidence can be excluded when its probative value is outweighed by the probability that its admission will necessitate undue consumption of time, be unduly prejudicial, confuse the issues or mislead the jury. Section 352 itself does not offend due process or the Confrontation Clause. The application of Section 352 to exclude evidence in this case also

1 did not result in a Confrontation Clause violation.

2 The state appellate court rejected Stanley's claim that he was denied the right to
3 confrontation on the basis that the exclusion of the prior conviction evidence did not give the
4 jury a "significantly different impression of [the witnesses'] credibility." Cal. Ct. App.
5 Opinion at 11.

6 <u>Witness Rilveria</u>: The state appellate court reasonably rejected Stanley's claim. The
7 exclusion of the prior conviction evidence did not violate Stanley's right of confrontation.
8 While Rilveria's 1996 misdemeanor vandalism convictions may have been relevant to his
9 credibility as a witness, other legitimate interests outweighed Stanley's interest in presenting
10 this evidence. The trial judge reasonably found that the incidents were too remote in time
11 and were therefore more prejudicial than probative. Resp. Ex. B at 45. The Confrontation
12 Clause does not prevent a trial judge from imposing reasonable limits on cross-examination
13 based on these concerns. See <u>Van Arsdall</u>, 475 U.S. at 679.

14 Moreover, the exclusion of the evidence left the jury with enough information to
15 properly assess the credibility of the witness. The trial court permitted Stanley to impeach
16 Rilveria with a 2000 misdemeanor vandalism conviction, a 2000 misdemeanor domestic
17 violence conviction, as well as a 1999 felony conviction for violation of a protective order
18 resulting in injury. These prior convictions were more recent and probative of Rilveria's
19 credibility than the 1996 vandalism convictions the trial court excluded. Rilveria also was
20 shown to have lied on the stand about his methamphetamine use on the day of the incident
21 and admitted to using methamphetamine the day before testifying at trial. Resp. Ex. B at
22 130, 156, 333-35. Thus, Stanley had the opportunity to effectively cross-examine Rilveria
23 and was not denied his right of confrontation by the trial court's exclusion of the 1996
24 convictions.

25 The exclusion of Rilveria's 1996 vandalism convictions also did not deprive Stanley
26 of the right to present a defense. The right to present a defense "includes, 'at a minimum . . .
27 the right to put before a jury evidence that might influence the determination of guilt'"
28 <u>United States v. Stever</u>, 603 F.3d 747, 755 (9th Cir. 2010) (quoting <u>Pennsylvania v. Ritchie</u>,

6

1  480 U.S. 39, 56 (1987)).  Here, Stanley had the full opportunity to present evidence that
2  could influence the determination of his guilt.  The amount and gravity of the other
3  impeachment evidence against Rilveria clearly exposed his character for reliability and
4  credibility to the jury.  The admission of the 1996 vandalism convictions would have made
5  no difference in the jury's ability to evaluate Rilveria's credibility and decide whether to
6  believe his version of events or that of Stanley.

7  <u>Witness Satsavane</u>:  The trial court also did not deprive Stanley of his right of
8  confrontation with respect to Satsavane.  Satsavane's 1995 juvenile adjudication of assault
9  with a gang enhancement was only marginally relevant to his credibility given that he was
10 only seventeen years old at the time of the offense and had no criminal record in the eleven
11 years since then.  Legitimate interests outweighed Stanley's interest in presenting the
12 evidence.  The trial court reasonably concluded that Satsavane's age at the time of the assault
13 as well as the fact that he had no subsequent criminal history rendered the admission of the
14 assault more prejudicial than probative of his credibility.  The Confrontation Clause does not
15 prevent a trial judge from imposing reasonable limits on cross-examination based on these
16 concerns.  See <u>Van Arsdall</u>, 475 U.S. at 679.

17 Even with the exclusion of Satsavane's eleven-year-old conviction, the jury had
18 sufficient information to assess his credibility.  Satsavane admitted in front of the jury that he
19 used methamphetamine on the day of the stabbing and that he did not disclose this fact to the
20 police when interviewed.  Resp. Ex. B at 284, 287.  As the state appellate court noted, this
21 evidence was much more probative of Satsavane's credibility than a distant juvenile
22 adjudication.  Cal. Ct. App. Opinion at 12.

23 The exclusion of Satsavane's juvenile adjudication also did not infringe upon
24 Stanley's right to present a defense.  As discussed above, Stanley had the full opportunity to
25 present impeachment evidence with respect to Satsavane that could influence the
26 determination of his guilt.  See <u>Stever</u>, 603 F.3d at 755.  Furthermore, the case did not turn
27 on Satsavane's credibility.  Satsavane had not seen the stabbing but only its aftermath.  Two
28 other witnesses independently corroborated Satsavane's testimony.  Jocelyn Phommachit and

Michelle Phommachit testified that they saw Stanley leave the apartment with the knife used in the stabbing. Resp. Ex. B at 202, 237. Michelle also saw Stanley and Rilveria on the floor with Stanley holding a bloody knife in his hand. Id. at 228-29. Thus, Stanley received the opportunity to effectively cross-examine Satsavane and present a defense.

B.  A Certificate of Appealability Will Not Issue

A certificate of appealability will not issue because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

The petition for writ of habeas corpus is DENIED on the merits. The clerk shall close the file.

IT IS SO ORDERED.

DATED: March 4, 2011

Marilyn Hall Patel
United States District Judge